<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI</td></tr>
<tr>
<td>JLL PUERTO RICO REALTY & AMP; CO., S. EN C.; EDGE PROPERTIES LLC Y OTROS<br><br>PETICIONARIOS<br><br>V.<br><br>ENCANTO GROUP LLC; STEVE STEWART Y OTROS<br><br>RECURRIDOS</td>
<td>KLCE202400068</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.: HU2022CV01731<br><br>Sobre:<br><br>COBRO DE DINERO - ORDINARIO, DAÑOS, INCUMPLIMIENTO DE CONTRATO</td>
</tr>
<tr>
<td>JLL PUERTO RICO REALTY & AMP; CO., S. EN C.; EDGE PROPERTIES LLC Y OTROS<br><br>PETICIONARIOS<br><br>V.<br><br>ENCANTO GROUP LLC; STEVE STEWART Y OTROS<br><br>RECURRIDOS</td>
<td>Consolidado con:<br><br>KLCE202400242</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.: HU2022CV01731<br><br>Sobre:<br><br>COBRO DE DINERO - ORDINARIO, DAÑOS, INCUMPLIMIENTO DE CONTRATO</td>
</tr>
</table>

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de abril de 2024.

Comparecen, Andrew Carlson, Vanessa Pérez, Gabriel Méndez y JLL Americas, Inc., (en adelante, en conjunto, "la parte peticionaria"). Ello, mediante el recurso de *certiorari*: **KLCE202400068.** Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 4 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Humacao. Mediante el referido dictamen, el foro recurrido declaró *No Ha Lugar* la "*Moción de Desestimación en cuanto a Demanda de Tercero,*" presentada por la

parte peticionaria en contra de Encanto Group, LLC; (en lo sucesivo, "Encanto Group"); Steven Stewart; y Alex Lemond, (en adelante, en conjunto, "la parte demandada-recurrida").

De otra parte, comparece, Jennifer Montalvo Acevedo (en adelante, "la señora Montalvo"). Ello, mediante el recurso de *certiorari*: **KLCE202400242.** Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 30 de enero de 2024 y notificada el 31 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Humacao. Mediante el referido dictamen, el foro recurrido declaró *No ha Lugar* la "*Moción de Desestimación en cuanto a Demanda de Tercero*," presentada por la señora Montalvo en contra de la parte demandada-recurrida.

## I.

La controversia de los recursos que nos ocupan tiene su origen el 15 de diciembre de 2022. En dicha fecha, JLL Puerto Rico Realty & Co., S. en C. (en lo sucesivo "JLL Puerto Rico"); Edge Properties LLC; y Lourdes M. Sopo Rozas, (en adelante, en conjunto, "los demandantes"), presentaron la "*Demanda*" de epígrafe. En esencia arguyeron, que JLL Puerto Rico y Encanto Group suscribieron un contrato de corretaje. Este acuerdo tuvo como fecha de comienzo el 15 de marzo de 2021. En el referido negocio jurídico, alegadamente Encanto Group designó a JLL Puerto Rico como su agente exclusivo para la venta de ciertas propiedades. Adujeron, que la parte demandada-recurrida no le pagó la comisión pactada, a pesar de que habían realizado esfuerzos conducentes a lograr el perfeccionamiento de un contrato de compraventa con un potencial comprador.

En virtud de ello, instaron acción en cobro de dinero y sobre cumplimiento específico de contrato de corretaje. Además, solicitaron el pago de la comisión pactada o en la alternativa una compensación basada en la doctrina de *quantum meruit*; una indemnización en daños a

causa del aducido incumplimiento contractual; costas, gastos, intereses y honorarios de abogado.

En respuesta, el 13 de junio de 2023, la parte demandada-recurrida presentó "*Contestación a Demanda y Reconvención.*" En lo pertinente a la contestación de demanda, la parte demandada-recurrida admitió el haber pactado con los demandantes un acuerdo de corretaje. Empero, contrario a lo aducido por los referidos demandantes, adujo que actuó de conformidad con los términos pactados en la aludida relación contractual. Además, alegó que los demandantes solo tenían derecho a la comisión pactada si lograban que se perfeccionara una compraventa respecto a las propiedades acordadas, lo cual no ocurrió. En virtud de ello, solicitó al foro recurrido que declarase *No Ha Lugar* la "*Demanda*" presentada.

Luego de varias incidencias procesales que no son pertinentes a la presente controversia, el 24 de julio de 2023, la parte demandada-recurrida presentó "*Demanda de Tercero.*" En síntesis, expuso que la parte peticionaria en conjunto con los demandantes realizó actos dirigidos a impedir que se pudieran vender sus propiedades. Específicamente, alegó que la parte peticionaria actuó en común acuerdo con los demandantes para incoar el presente pleito y solicitar el embargo de las referidas propiedades, lo cual interfirió en la enajenación de dichas propiedades. Consecuentemente, le ocasionó pérdidas económicas. Ante ello, solicitó al foro recurrido que ordenara a la parte peticionaria el pago de una indemnización a su favor en concepto de la disminución de valor de las propiedades en cuestión, intereses dejados de percibir y el pago de intereses hipotecarios acumulados. Además, peticionó el pago de honorarios de abogado.

Tanto la parte peticionaria como la señora Montalvo reaccionaron a la "*Demanda de Tercero.*" En lo que respecta al recurso **KLCE202400068**, el 23 de octubre de 2023, la parte peticionaria presentó "*Moción de Desestimación en cuanto a Demanda de Tercero.*" En

esencia, solicitó la desestimación del pleito a la luz de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Específicamente adujo, que la "*Demanda de Tercero*" dejaba de exponer una reclamación que justificara la concesión de un remedio. Sostuvo su petitorio bajo los siguientes argumentos: a). La no existencia de alegaciones en contra de JLL Americas, Inc. Ello, dado que, la "*Demanda de Tercero*" no iba dirigida a dicha persona jurídica, sino a Jones, Lang & Lasalle-JLL USA; b). La falta de suficiencia de las alegaciones para formular una acción en daños. Toda vez que, según arguyó, no se desprendía de la "*Demanda de Tercero*" la actuación culposa o negligente en que incurrió; y c). La inexistencia en nuestro ordenamiento jurídico de una causa de acción como consecuencia de la radicación de un pleito civil.

En reacción, el 15 de noviembre de 2023, la parte demandada-recurrida presentó "*Oposición a Moción de Desestimación radicada por terceros demandados.*" En síntesis, alegó, que contrario a lo argüido por la parte peticionaria, la reclamación entablada sí justificaba la concesión de un remedio. Ello, toda vez que, la "*Demanda de Tercero*" fue instada al amparo de la doctrina de interferencia torticera con relaciones contractuales de otros; fraude; incumplimiento con los deberes fiduciarios de una compañía de bienes raíces; y enriquecimiento injusto. Agregó, que las actuaciones de la parte peticionaria esbozadas en la "*Demanda de Tercero*" le ocasionaron daños económicos. Esto, dado que, dichas actuaciones evitaron que pudiera enajenar sus propiedades.

De otra parte, argumentó, que, sí existía una reclamación en contra de JLL Americas, Inc. Ello, puesto que había advenido en conocimiento, por medio de un interrogatorio enviado a los demandantes, de que el nombre de la compañía matriz de JLL Puerto Rico no era Jones, Lang & Lasalle-JLL USA, sino JLL Americas, Inc. A la luz de lo anterior adujo, que solicitó al foro primario que se enmendara el emplazamiento a esos fines. Así JLL Americas, Inc. quedó debidamente emplazada como la compañía

matriz de JLL Puerto Rico. En virtud de lo expuesto, solicitó al tribunal de origen que se declarara *No Ha Lugar* la "*Moción de Desestimación en cuanto a Demanda de Tercero.*"

Así las cosas, el 4 de diciembre de 2023, el foro recurrido notificó una *"Resolución."*[1] Mediante esta, el referido foro declaró *No Ha Lugar* la "*Moción de Desestimación en cuanto a Demanda de Tercero,"* presentada por la parte peticionaria. Dicho tribunal, entendió que las controversias planteadas necesitaban dirimirse en una vista en su fondo, entre otras cosas, por cuestiones de credibilidad.

En desacuerdo, el 19 de diciembre de 2023, la parte peticionaria presentó una oportuna "*Moción de Reconsideración.*" En la misma fecha, el foro primario la declaró *No Ha Lugar*. Aun inconforme, el 18 de enero de 2024, la parte peticionaria presentó ante nos un recurso de *certiorari*, bajo el número de caso **KLCE202400068**. Mediante este formuló los siguientes señalamientos de error:

> A. Erró el TPI al emitir la Resolución partiendo de la premisa de quienes presentaron la Moción de Desestimación en cuanto a la Demanda de Tercero fueron los demandantes, lo cual es incorrecto.
>
> B. Erró el TPI al determinar que la Demanda de Tercero incluye alegaciones en contra de JLL Américas.
>
> C. Erró al no determinar que las alegaciones de la Demanda de Tercero son insuficientes para formular una acción en daños.
>
> D. Erró el TPI al determinar que las alegaciones de la Demanda de Tercero son suficientes para constituir una causa de acción de interferencia torticera.
>
> E. Erró el TPI al descartar una alegación de *Quantum Meruit* cuando la Demanda de Tercero no contiene alegación de *Quantum Meruit* alguna, y cuando la única causa de acción de *Quantum Meruit* en este caso está en la Demanda, y ya el Foro Primario había determinado no desestimarla.

En cuanto al caso **KLCE202400242**, el 22 de diciembre de 2023, la señora Montalvo reaccionó a la "*Demanda de Tercero*" que había sido

---

[1] Señalamos, que en la referida "*Resolución*," el foro recurrido intitula el escrito a adjudicar como "*Moción de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil.*" No obstante, hace referencia expresa a que la moción que está adjudicando es la "*Moción de Desestimación en cuanto a Demanda de Tercero*," presentada por la parte peticionaria.

radicada por la parte demandada-recurrida. Esto, mediante escrito intitulado "*Moción de Desestimación en cuanto a Demanda de Tercero.*" En esencia, expuso que la referida "*Demanda de Tercero*" contenía alegaciones en su contra. Ello, dado que, fue identificada en dicha demanda como "Mengana de Tal." Cónsono con lo anterior, expresó que la parte demandada-recurrida la demandó por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por Gabriel Méndez y ella.

En su moción, solicitó la desestimación de la acción entablada en su contra al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, *supra,* toda vez que, alegadamente la "*Demanda de Tercero*" no contenía una reclamación que justificara la concesión de un remedio. Sostuvo su posición bajo el fundamento de que de la "*Demanda de Tercero*" no se desprendían las actuaciones en que ella haya incurrido, por las cuales alegadamente la parte demandada-recurrida sufrió daños. Agregó, que en dicha demanda tampoco surgen las razones por la cuales la Sociedad Legal de Bienes Gananciales deba indemnizar a la parte demandada-recurrida. Finalmente, replicó los mismos argumentos esbozados por la parte peticionaria en cuanto a que no existe en nuestro ordenamiento jurídico una acción de daños y perjuicios como consecuencia de un pleito civil. Así pues, peticionó al foro a quo que declara *Ha Lugar* la solicitud de desestimación.

En respuesta, el 15 de enero de 2024, la parte demandada-recurrida presentó "*Oposición a Moción de Desestimación en cuanto a Demanda de Tercero presentada por codemandada Jennifer Montalvo.*" En esencia, argumentó que la "*Moción de Desestimación en cuanto a Demanda de Tercero,*" presentada por la señora Montalvo, fue un segundo intento de conseguir la desestimación de la "*Demanda de Tercero.*" Esto, dado que, se fundamentó en los mismos argumentos que resolvió el tribunal primario al disponer de la "*Moción de Desestimación en cuanto a Demanda de Tercero,*" presentada por la parte peticionaria.

En consecuencia, solicitó al foro recurrido que declarara *No Ha Lugar* la "*Moción de Desestimación en cuanto a Demanda de Tercero,*" presentada por la señora Montalvo.

Así las cosas, el 31 de enero de 2024, el tribunal de instancia notificó una "*Resolución.*" Mediante esta, dicho foro declaró *No ha Lugar* la "*Moción de Desestimación en cuanto a Demanda de Tercero,*" presentada por la señora Montalvo. Ello, bajo el fundamento de que este caso necesitaba la realización de un descubrimiento de prueba y la celebración de una vista en su fondo.

Inconforme, el 27 de febrero de 2024, la señora Montalvo presentó ante nos un recurso de *certiorari*, bajo el número de caso: **KLCE202400242**. A través de este señaló los siguientes errores:

> A. Erró el TPI al no determinar que la Demanda de Tercero no contiene alegaciones en contra de Montalvo Acevedo, por sí, por lo cual no expone una reclamación que justifique la concesión de un remedio en su contra.

> B. Erró el TPI al no determinar que las alegaciones de la Demanda de Tercero son insuficientes para formular una acción en daños en contra de Montalvo Acevedo, por sí y como miembro de la sociedad legal de gananciales.

El 28 de febrero de 2024, la señora Montalvo presentó una "*Moción de Consolidación.*" Mediante esta, solicitó la consolidación de los recursos de epígrafe. En respuesta, el 5 de marzo de 2024, emitimos una "*Resolución,*" por medio de la cual declaramos *Ha Lugar* el petitorio de la señora Montalvo.

**II.**

A. *Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65, 212 DPR ____; *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del

certiorari "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

> **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de certiorari y ejercer nuestra función revisora.

**III.**

En esencia, los planteamientos de la parte peticionaria y la señora Montalvo van dirigidos a la suficiencia de las alegaciones de la "*Demanda de Tercero.*" Particularmente, arguyen que dichas alegaciones no son suficientes para constituir una causa de acción en daños y perjuicios.

Luego de un examen ponderado del expediente ante nuestra consideración, determinamos que no existen razones para intervenir con las bien fundamentadas resoluciones que nos ocupan. Según el análisis comedido que debemos desarrollar al amparo de la Regla 40, *supra*, concluimos que no surge la existencia de algún criterio que nos lleve a expedir y adjudicar los méritos de los recursos de epígrafe. Entendemos, que el foro recurrido actuó conforme a la discreción judicial que le asiste. No se desprende que al ejercer sus facultades adjudicativas haya cometido prejuicio o parcialidad. De igual modo, su decisión no trastoca los límites de una sana discreción ni constituye algún error de derecho. Ante ello, y cónsono con el sabio análisis que debemos ejercer al evaluar los recursos de *certiorari*, determinamos denegar el presente auto.

**IV.**

Por los fundamentos expuestos, concluimos denegar el presente recurso de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones